**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2341-20

ADAM REED,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted September 28, 2022 – Decided October 17, 2022

Before Judges Currier and Mayer.

On appeal from the New Jersey Department of Corrections.

Adam Reed, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Adam Reed, an inmate at New Jersey State Prison, appeals from a March 18, 2021 final agency decision by respondent New Jersey Department of Corrections (DOC), upholding a guilty adjudication and imposing sanctions for Reed's commission of prohibited acts *.306, disrupting or interfering with the operation of the prison, and *.708, refusal to submit to a search. We affirm.

This case returns to us after a remand. In our earlier decision, we determined the DOC failed to satisfy the due process requirements of N.J.A.C. 10A:4-9.5(e) and vacated the guilty findings against Reed. See Reed v. N.J. Dep't of Corr., No. A-4720-18 (App. Div. March 4, 2021) (Reed I). We remanded the matter to the DOC, instructing the agency to personally serve Reed with written notice of the disciplinary report and schedule a new disciplinary hearing. Reed I. Id., slip op. at 8.

The facts giving rise to the DOC's decision are contained in Reed I and we need not repeat those facts. We recite only the facts arising after issuance of Reed I.

Consistent with our remand in Reed I, on March 5, 2021, the DOC personally served Reed with written disciplinary charges for prohibited acts *.306 and *.708. A rehearing took place on March 11, 2021.

At the rehearing, Reed received the assistance of counsel substitute, entered a "no plea" to the charges, and presented a defense. Regarding prohibited act *.306, Reed claimed he complied with the officers' instructions. He also asserted his conduct did not meet the definition of a prohibited act under *.306. In the event he was adjudicated guilty on that charge, he asserted any penalty imposed should not include the loss of commutation time. Regarding prohibited act *.708, Reed similarly contended he complied with the officers' commands.

Counsel substitute requested dismissal of the charges against Reed. Reed declined to call any witnesses and did not confront or cross-examine any adverse witnesses.

After considering the testimony and reviewing the evidence, the hearing officer found Reed guilty on both charges. On the *.708 charge, the hearing officer concluded Reed repeatedly refused to submit to a search in accordance with the officers' instructions. On the *.306 charge, the hearing officer found "[a]s a result of [Reed]'s non-compliance during a strip search, a code 33 was called which disrupted the orderly running of the institution." The hearing officer determined "[t]he type of behavior [Reed] display[ed] certainly

A-2341-20

qualifie[d] as disruptive. Ongoing resistance to an officer[s'] commands in a prison setting is disruptive . . . ."

Reed was sanctioned to sixty days loss of commutation time[1] and 120 days in the restorative housing unit. The hearing officer granted leniency based on the passage of time since Reed's last disciplinary charge. However, the hearing officer concluded Reed was "responsible for his actions" and sanctions were necessary to encourage him to "comply with direct order[s]."

Reed filed an administrative appeal with the DOC, raising the same arguments presented to the hearing officer. In a March 18, 2021 decision, the DOC upheld the hearing officer's finding of guilt on both charges. The DOC concluded "[t]he charges were adjudicated according[] to the code. The preponderance of evidence presented supports the guilty decision of the hearing officer."

On appeal, Reed reargues the same points he asserted in <u>Reed I</u>. Because we rejected Reed's claim that the language of prohibited act *.306 was vague in <u>Reed I</u>, we need not reconsider that argument here. Additionally, because Reed was personally served with written notice of the disciplinary charges consistent

---

[1] After our remand, the hearing officer presiding over the new hearing reduced the disciplinary sanctions imposed in <u>Reed I</u>.

with our remand instructions, we need not address his violation of due process claim regarding service of written notice of the charges.

We limit our review to Reed's argument that the guilty findings were not supported by sufficient credible evidence in the record and the DOC's decision violated Reed's due process rights.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (citing City of Newark v. Natural Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 534 (1980)). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010) (citing Bailey v. Bd. of Rev., 334 N.J. Super. 24, 33 (App. Div. 2001)). In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider whether: (1) the agency followed the law; (2) substantial evidence supports the findings; and (3) the agency "clearly erred" in "applying the legislative policies to the facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)). "'Substantial evidence' means 'such evidence

as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford, 67 N.J. 496, 522 (1975) (citing Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). However, when reviewing a DOC determination in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

We reject Reed's claim that his right to due process was violated. Based on our review of the record, Reed received all the process due to him as an inmate. Reed received the written charges at least twenty-four hours prior to the rehearing, entered a not guilty plea, and was accorded the opportunity to make a statement during the disciplinary hearing pursuant to N.J.A.C. 10A:4-9.5(e). He was permitted to call witnesses or present witness statements and had the opportunity to confront and cross-examine adverse witnesses. However, Reed declined to do so. In addition, Reed reviewed the adjudication report and

6

evidence presented to the hearing officer. The signatures of Reed and his counsel substitute on the adjudication report indicated the information contained in the report accurately reflected the hearing proceeding.

We also reject Reed's argument that the guilty findings were arbitrary, capricious, or unreasonable and lacked support in the record. The hearing officer properly relied on the incident reports regarding Reed's conduct and his refusal to comply with the officers' instructions. Reed's refusal to comply with the officers' instructions resulted in a code 33, requiring other officers to respond to the situation, and disrupted the orderly operation of the prison. Reed's self-serving statements that he complied with the officers' instructions failed to overcome the other evidence presented to the hearing officer.

We discern no basis to reject the hearing officer's factual findings as to Reed's conduct and his refusal to comply with the officers' instructions. Because the guilty findings were supported by substantial credible evidence and Reed was afforded due process, the DOC's finding that Reed was guilty of committing prohibited acts *.306 and *.708, and its decision to impose discipline was not arbitrary, capricious, or unreasonable.

7

To the extent we have not addressed any remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2341-20